# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (CAMDEN VICINAGE)

LAW OFFICES OF LEWIS G. ADLER
26 Newton Avenue
Woodbury, New Jersey  08096
(856) 845-1968
Attorney for Victor Boyko_____ _____

| | |
|---|---|
| *Plaintiffs* | : |
| | : |
| Victor Boyko, individually and on behalf | : |
| Of all others similarly situated. | |
| *vs.* | : Case #: 1:08-cv-2214 (RBK)(JS) |
| | : |
| *Defendant* | :        Civil Action |
| | **:** |
| | :  Second AMENDED |
| | :  COMPLAINT |
| American International Group, Inc | : and Jury Demand |
| American International Insurance | : Class Action |
| Company of New Jersey, Inc. | : |
| AIG Marketing, Inc. dba 21st Century | : |
| Insurance and | : |
| Credit Control Services, Inc dba | : |
| Credit Collection Services and C.C. S. | : |
| _____: | |

Plaintiffs, by their attorney, individually, and as private attorneys general, and on behalf of all others similarly situated, hereby makes the following  complaint:

Plaintiff, Victor Boyko, residing at 360 Russell Mill Road, Woolwich, County of Gloucester and State of New Jersey, by way of Complaint against the Defendants, says:

## PARTIES

1.     The Plaintiff  Victor Boyko resides at 360 Russell Mill Road, Woolwich, County of Gloucester and State of New Jersey.

2.     The Defendant, American International Insurance Company of New Jersey, Inc (AIICNJ) a New Jersey insurance company with headquarters located at One

AIG Center, Wilmington, De 19803 solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

3. The Defendant, AIG Marketing, Inc. (AIGM) a Delaware Corporation also doing business as 21st Century Insurance, with its principal place of business located at One AIG Center, Wilmington, De 19803 solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

4. The Defendant, American International Group, Inc., (AIG) is a Delaware company with headquarters located at 70 Pine Street, NY, NY and is the parent company of American International Insurance Company of New Jersey, Inc and AIG Marketing, Inc..

5. The Defendant, Credit Control Services, Inc, d/b/a Credit Collection Services and C.C.S. (CCS) is a Delaware Corporation with company headquarters located 2 Wells Avenue, Newton, Massachusetts, 02159

<u>VENUE AND JURISDICTION</u>

6. Jurisdiction before the court is based upon a federal cause of action from a claim arising under the "Fair Debt Collection Practices Act" 15 U.S.C. 1692 et. seq.

7.  Venue is proper in this court pursuant to 28 U.S.C. 1391(b)

8. The Defendant, American International Insurance Company of New Jersey is a New Jersey Corporation.

9. The Defendant, American International Group  is a Delaware Corporation.

10. The Defendant, Credit Control Services is a Delaware corporation.

11. The Plaintiff is a resident of the State of New Jersey.

<u>CLASS ACTIONS ALLEGATIONS</u>

12. The Plaintiff brings this action on  behalf of all persons similarly situated and pursuant to court rule as a class action on behalf of a nationwide class with subclasses of persons as defined below.

13.  The Plaintiff proposes a first class as 1) Individuals who have had auto insurance with the Defendant, American International Insurance Company of New Jersey, Inc in the State of New Jersey from six years prior to the filing of the complaint through the date of class certification, and 2) individuals who received a bill for earned premiums from the Defendant without a valid claim of right for the money.

    A.  A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

14. The Plaintiff proposes a nationwide class as 1) Individuals who have had auto insurance with any subsidiary of the Defendant, American International Group nationwide from six years prior to the filing of the complaint through the date of class certification,  and 2) individuals who received a bill for earned premiums from the Defendant without a valid contractual claim of right for the earned premiums by AIG or its subsidiaries.

    A.  A New Jersey subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes

claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

B.  A nationwide subclass exists for claims from one year prior to the filing of the complaint through the date of class certification which includes claims under the Fair Debt Collection Practices Act.

15. The Plaintiff proposes a  nationwide class as 1) Individuals who have had the Defendant Credit Control Services, Inc attempt to collect a debt concerning auto insurance issued by any subsidiary of the Defendant, American International Group, Inc which was the subject of a contract for collection between AIG Marketing, Inc and Credit Control Services, Inc. within the United States from six years prior to the filing of the complaint through the date of class certification, 2) individuals who received a collection notice from Credit Control Services dba Credit Collection Services who received a bill for earned premiums  without a valid contractual claim of right for the earned premiums for a bill for earned premiums from any subsidiary of the Defendant American International Group, Inc.

A.  A New Jersey subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act..

B.  A nationwide subclass exists for claims from one year prior to the filing of the complaint through the date of class certification which includes claims under the Fair Debt Collection Practices Act.

16.  The Plaintiff proposes   a nationwide class as 1) Individuals residing in the
United States who have had auto insurance serviced by  AIG Marketing, Inc. a
wholly owed subsidiary of the Defendant, American International Group
from six years prior to the filing of the complaint through the date of class
certification, 2) individuals who received a bill for earned premiums from the
Defendant American International Group, Inc.  without a valid contractual
claim of right for the earned premiums by AIG or its subsidiaries.

    A.  A New Jersey subclass exists for claims from six years prior to the filing
of the complaint through the date of class certification which includes
claims under the New Jersey Consumer Fraud Act and New Jersey Truth-
In-Consumer Contracts, Warranty and Notice Act.

    B.  A national subclass exists for claims from one year prior to the filing of
the complaint through the date of class certification which includes claims
under the Fair Debt Collection Practices Act.

17. The claims of the named class representative and the absent class members
have a common origin and share a common basis. Their claims originate from
the same illegal, fraudulent, unconscionable and/or negligent business
practices of the Defendants as a joint enterprise, and the Defendants acted in
the same way toward the Individual Plaintiff and the members of the class. As
such, the individual Plaintiff has been a victim of the unconscionable business
practices.

18. At all times relevant hereto, Defendants have engaged in a uniform scheme
and course of conduct to inflate their profits by charging and collecting

various fees not authorized by the insurance documents or applicable law. The components of this scheme involve common tactics in which the Defendants have been overcharging canceling policy holders for coverage beyond the effective dates for the policy.

19. The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

20. The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representative.

21. The members of the class are so numerous that joinder of all members is impracticable. The Defendants have thousands of policyholders per year. The class is ascertainable as the names and addresses of all class members can be identified in the business records maintained by the Defendants.

22. Questions of fact and law common to the class that predominate include but are not limited to:

     I.     Did the Defendants impose and collect unnecessary and excessive fees and charges not authorized by the insurance contract or by applicable law?;

     II.     Did the Defendants mislead or otherwise misinform customers about the amounts properly due and owing?;

     III.     Did the Defendants engage in conduct that violates state and federal consumer protection laws?; and

IV.   Did the Defendants harass or otherwise treat customers unfairly and without regard to obligations of good faith and fair dealing?

V.    Did the Defendants act in violation of the New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act with respect to each Class member by demanding charges to which they were not entitled?

VI.   Did the Defendants engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

a.    Imposing and collecting unnecessary and excessive fees and charges not authorized by the insurance contract or by applicable law;

b.    Imposing and collecting excessive interest;

c.    Misleading or otherwise misinforming customers about the amounts properly due and owing;

d.    Engaging in conduct that violates state and federal consumer protection laws; and

VII.  Did the Defendants represent to the Plaintiff that they are entitled to collect various premium charges that were not legally due and owing?

VIII. Did the Defendants attempt to collect monies that are not due and owing under applicable law which would have resulted in unjust enrichment of the Defendants?

23. The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

24. The self-interest of the named class representative is co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to well and truly protect the interests of the absent class members.

7

25. The named individual Plaintiff has engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action and will assert, protect, and otherwise well represent the named class representative and absent class members.

26. The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

27. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying applications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would be necessarily the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the class.

28. The Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

29. The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

b.  individual claims by the class members are impractical as the costs of pursuit far exceed what any one Plaintiff or class member has at stake;

c.  as a result, there has been very little litigation over the controversies herein; and individual members of the class have no interest in prosecuting and controlling separate actions; and

d.  the proposed class action is manageable.

### FACTS

31. On or about December 2, 2006, the Plaintiff purchased an auto insurance policy issued by the Defendant, American International Insurance Company of New Jersey.(AIINJ)

32. The policy was for a period from December 2, 2006 to May 31, 2007.

33. The Plaintiff paid in full all premiums due for the policy from December 2, 2006 to May 31, 2007 and he made his insurance premium checks payble to AIG, which is the registered trademark of American International Group, Inc., as requested on the bills. Therefore AIG received the financial benefit of the Plaintiff's payment. Exhibit G.

34. The Defendant, American International Insurance Company of New Jersey offered to renew the policy dated April 17, 2007 for a period from June 1, 2007 to December 1, 2007 which notice required the premium be received by June 1, 2007.

35. The Plaintiff did not renew the policy with the Defendant, American International Insurance Company of New Jersey.

36. The Plaintiff's policy states under the section **Automatic Termination** that "If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required premium when due shall mean that you have not accepted our offer."

37. The Plaintiff did not accept the renewal offer nor did he pay the requested premium.

38. By its terms the insurance policy terminated as of May 31, 2007.

39. Subsequent to May 31, 2007, the Plaintiff and the Defendants had no legal relationship.

40. On or about September 11, 2007, the Defendant, AIG,  sent to Plaintiff a demand for payment of $262 via telewire and signed as AIG Auto Insurance for the premium for coverage provided "prior to the cancellation of the policy". Exhibit A.

41. The Plaintiff's bill  included a sum of $31.00 for monies due to the New Jersey Guaranty Fund.

42. On or about October 22, 2007, the Defendant Credit Control Services, Inc dba Credit Collection Services sent a notice to Plaintiff and demanded payment of $262 on behalf of "AIG Insurance Companies" Exhibit B.

43. On or about November 11, 2007, the Defendant Credit Control Services, Inc dba Credit Collection Services sent a second notice to Plaintiff and demanding payment of $262 on behalf of "AIG Insurance Companies" Exhibit C.

44. On or about December 2, 2007, the Defendant Credit Control Services, Inc dba Credit Collection Services sent a third notice to Plaintiff and demanding payment of $262 on behalf of "AIG Insurance Companies" Exhibit D.

45. The Defendant, Credit Control Services, Inc dba Credit Collection Services made numerous calls to the Plaintiff demanding payment of the alleged debt.

46. On or about January 21, 2008, the Plaintiff paid the full amount demanded under protest in order to mitigate his damages and without waiving any and all claims he may have concerning the charge. Exhibit E.

47. The Defendants failed to forward the $31.00 of the payment which was for the New Jersey Guaranty Fund to the Fund as required by law and instead kept the money. (stricken per court order of 12/23/09)

48. The Defendant Credit Control Services, Inc dba Credit Collection Services cashed the check on or about February 15, 2008.

49. Each of the notices sent by the Defendant Credit Control Services, Inc identified the name of the business as CCS or Credit Collection Services.

50. The Defendant Credit Control Services, Inc dba Credit Collection Services is not licensed nor bonded in the State of New Jersey as a debt collector pursuant to NJSA 45:18-1 et seq. since August 3, 2004. Exhibit F.

51. American International Insurance Company of New Jersey and AIG Marketing, Inc. are wholly owned subsidiaries of AIG.

52. AIG Marketing services automobile insurance policies in 48 states which are underwritten by insurance companies which are also wholly owned subsidiaries of American Insurance Group.

53. American International Insurance Company of New Jersey and the other insurance companies serviced by AIG Marketing, Inc  all include in the insurance contracts the same identical language concerning "Automatic Termination" as referenced previously herein.

54. AIG Marketing, Inc has a uniform set of policies and procedures for the servicing, marketing, billing and collection of the auto insurance contracts it services for the AIG underwriting insurance companies.

55.     At all times relevant hereto, the Defendants have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the policy documents or applicable law.  The components of this scheme involve common tactics in which the Defendants have been charging cancelling policyholders for coverage which was neither provided nor contracted for with the policyholder.


<u>CAUSES OF ACTION</u>

<u>COUNT I</u>

<u>BREACH OF CONTRACT—American International Insurance Company of New Jersey</u>


56. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein

57. The auto insurance policy issued by  the Defendant American International Insurance Company of New Jersey states under the section **Automatic Termination** that "If we offer to renew or continue and you or your

representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required premium when due shall mean that you have not accepted our offer."

58. The Plaintiff did not renew the policy in accordance with the terms of the policy.

59. The Defendant American International Insurance Company of New Jersey has breached its contracts with plaintiff and members of the class by improperly charging for coverage after the expiration of the policy period or otherwise improperly charging  for earned premiums.

60. Plaintiff and Class members are entitled to relief for breach of contract.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendant for  damages, attorney's fees, and cost of suit.

<u>COUNT II</u>

<u>INTENTIONAL MISREPRESENTATION-</u>

<u> AIG, AIG Marketing, Inc and  American International Insurance Company of New</u>

<u>Jersey</u>

(Is dismissed as to all AIG defendants per court order of December 23, 2009)

61. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

62. The Defendants AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey have represented to the Plaintiff that they are entitled to collect premiums for coverage after the termination of the auto

13

insurance policy or other earned premiums that were not legally due and owing.

63. The representations of AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey  concerning the right to collect such fees were false.

64. AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey knew or should have known that such representations were false.

65. Plaintiff relied upon the false representations of  AIG, AIG Marketing, Inc and American International Insurance Company of New Jersey concerning its entitlement to collect such charges to his detriment.

66. Plaintiff's reliance was reasonable and justifiable in the circumstances.

67. Plaintiff has suffered damages.

68. Plaintiff and other class members are entitled to relief for misrepresentation.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, punitive damages, attorney's fees, and cost of suit.

<u>COUNT III</u>

<u> NEGLIGENCE</u>

<u>AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey</u>

69.    Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

70.    AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey owed plaintiff and other Class members a duty of reasonable care with respect to servicing their automobile insurance policies and collection practices.

14

71.    AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey's conduct with respect to Plaintiff and other Class members breached their duty of care.

72.  AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey's conduct was negligent with respect to Plaintiff and other Class members.

73.    As a direct and proximate result of the negligence listed above Plaintiff and the other Class members have suffered damages and are entitled to relief for the negligence of AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, punitive damages, attorney's fees, and cost of suit.


COUNT IV:

 BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey

(Is dismissed as to AIG only per court order of December 23, 2009)

74.    Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

75.    New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

76.    AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey's conduct as aforesaid breached said duty.

77.     Plaintiff and members of the Class are entitled to relief for AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey's breach.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, punitive damages, attorney's fees, and cost of suit.

COUNT V

UNJUST ENRICHMENT

AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey

(Is dismissed as to AIG only per court order of December 23, 2009)

78.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

79.     AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey have engaged in unlawful collection activities.

80.     AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey have collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey to collect such earned premiums, fees and charges.

81.     Said conduct sounds in equity under the common law of unjust enrichment,  money had & received, and constructive trust.

82.     AIG, AIG Marketing, Inc and   American International Insurance Company of New Jersey have been unjustly enriched by its conduct.

83.     Plaintiff and Class members have suffered loss by virtue of AIG, AIG Marketing, Inc's and  American International Insurance Company of New Jersey's conduct.

84.     Plaintiffs and members of the Class are entitled to relief for unjust enrichment.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, punitive damages, attorney's fees, and cost of suit.

<u>COUNT VI:</u>

<u>UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES-</u>

<u>AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey</u>

85.     Plaintiff incorporates by reference all the foregoing paragraphs.

86.     In the course and conduct of their insurance servicing and collection, defendants in numerous instances, have represented, expressly or by implication, that premiums assessed and/or collected by AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey were (a) allowed under, the policy contract and (b) permitted by law.

87.     On numerous occasions, the premiums assessed and collected by AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey were (a) not allowed under the policy contract or (b) not permitted by law.  Nonetheless, AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey improperly assessed and attempted to collect these fees.

88.     Defendants' actions have caused and are likely to cause substantial injury to consumers.  This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

89.     Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff under the New Jersey Consumer Fraud Act.

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, treble damages, attorney's fees, and cost of suit.

COUNT VII

New Jersey Consumer Fraud Act

AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey

90.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

91.  The Defendants, AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey, have charged and received the illegal and/or excessive charges as outlined previously.

92.  The actions of the Defendants constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

93. The Plaintiff and other class members have suffered an ascertainable loss as a result of the unconscionable business practices of the Defendants.

18

WHEREFORE, the Plaintiff and other class members demand judgment against the Defendants for damages, treble damages, attorney's fees, and cost of suit.

COUNT VIII

Truth-In-Consumer Contract, Warranty and Notice Act

AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey

(Amended pursuant to the court order of December 23, 2009)

94.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

95. The Plaintiff paid all of his premiums to AIG pursuant to the billing sent to him by the Defendants for his auto insurance. Exhibits G & H.

96. The Defendants, AIG, AIGM and AIICNJ were creditors of the Plaintiff.

97. The Defendants' notices (Exhibit A and H) included illegal and/or excessive charges on the policy; specifically by charging for a period of time for which no policy of insurance was in force.

98.  The notice which demanded such illegal payments is a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act.  N.J.S.A. 56:12-14

99. The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

WHEREFORE, the Plaintiff and other class members each demand judgment for damages, a civil penalty of not less than $100.00, attorney's fees, interest and costs of suit.

COUNT IX

FEDERAL CLAIMS

Violations of the Fair Debt Collection Practices Act—

Credit Control Services, Inc dba Credit Collection Services and C.C. S.

100.    The Plaintiffs repeat each and every allegation of the previous counts and incorporate them by reference herein as if they were set forth fully herein.

101.    The Defendant, Credit Control Services, Inc dba Credit Collection Services and C.C. S. is a debt collector. The firm regularly engages in the collection of debt for third parties.

102.   The Defendant, Credit Control Services, Inc dba Credit Collection Services and C.C. S. has  violated the Fair Debt Collection Practices Act 15 U.S.C. 1692 et setq (FDCPA) by their conduct, including, but not limited to:

a)      attempting to collect amounts not permitted by law ( 15 U.S.C. § 1692f(1));

b)      using a name for the business other than the true name of the debt collector(15 U.S.C. § 1692e(14));

103.    Plaintiff and members of the Class are entitled to relief under the FDCPA, including damages and declaratory judgment that The Defendant's, Credit Control Services, Inc dba Credit Collection Services and C.C. S. conduct violates the FDCPA.

104.    Plaintiff hereby incorporates by reference all preceding allegations of law and fact.

105.    The Defendant, Credit Control Services, Inc dba Credit Collection Services and C.C. S. has engaged in unfair and/or deceptive acts and practices with respect to Plaintiff and each Class member that includes one or more of the following:

    a.    Collecting charges not authorized by the policy documents or by applicable law;

    b.    using a name for the business other than the true name of the debt collector

106.    Plaintiff and members of the class have suffered damage by virtue of one or more of these unfair and/or deceptive practices.

WHEREFORE, the Plaintiff and other class members each demand judgment for damages, a civil penalty of not less than $1000.00, attorney's fees, interest and costs of suit.

<u>COUNT X</u>

<u>New Jersey Consumer Fraud Act</u>

<u>Conspiracy by Credit Control Services, Inc dba Credit Collection Services and C.C. S. ,</u>

<u>AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey</u>

(Amended pursuant to the court's order of December 23, 2009)

107.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

108.  The Defendant, Credit Control Services, Inc dba Credit Collection Services &C.C. S.,   conspired in concert with AIG, AIG Marketing, Inc and  American International Insurance Company of New Jersey (collectively referred to as the AIG Defendants) to commit an unlawful act, the overcharging of the plaintiff and they committed an overt act in demanding the illegal charges via the Telewire and the collection actions of their co-conspirator, Credit Control Services, Inc.

21

109.    In furtherance of the conspiracy the AIG defendants entered into a written agreement with Credit Control Services to collect the illegal charges.

110.    The Defendant, Credit Control Services, Inc dba Credit Collection Services and C.C. S. had an obligation under both federal and state law to do an independent investigation as to the lawfulness of the billings they agreed to collect from the AIG defendants.

111.    The AIG Defendants and Credit Control Services, Inc acted with deliberate disregard of the legality of the debts they sought to collect such as the Plaintiff's bill.

112.  The conspiracy and actions of the Defendants constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

113.  The Plaintiff paid the monies demanded to the Defendant Credit Control Services, Inc on behalf of its co-conspirators.

114.    The Plaintiff and the members of the class have suffered an ascertainable loss proximately caused by the unconscionable business practices of Defendants.

WHEREFORE, the Plaintiff and other class members demand judgment for damages, treble damages, attorney's fees, interest and costs of suit.

<u>COUNT XI</u>

<u>Truth-In-Consumer Contract, Warranty and Notice Act</u>

<u>Credit Control Services, Inc dba Credit Collection Services and C.C. S.</u>

(Dismissed pursuant to the court's order of December 23, 2009)

115.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

116. The Defendant's notice (Exhibits B & C)included  illegal and/or excessive charges  on the policy; specifically by charging for a period of time for which no policy of insurance was in force.

117.  The notices which demanded such illegal payments are in violation of the Truth-In-Consumer Contracts, Warranty and Notice Act.  N.J.S.A. 56:12-14

118. The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

WHEREFORE, the Plaintiff and other class members each demand judgment for damages, a civil penalty of not less than $100.00, attorney's fees, interest and costs of suit.

<u>PRAYER FOR RELIEF</u>

Wherefore Plaintiff requests that this court certify a class pursuant to Court Rule and award:

1.      Actual, special, and general damages according to proof;

2.      Statutory damages and penalties;

3.      Restitution and disgorgement according to proof;

4.      Injunctive relief against Defendants to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

5.      Prejudgment interest at the maximum legal rate;

6.      Punitive, exemplary and enhanced damages according to proof;

7.      Statutory punitive treble damages;

8.      An accounting;

9.      Declaratory Judgment as necessary to correct the wrongs inflicted on

        them;

10.     Litigation Expenses and Costs of the proceedings herein;

11.     Reasonable attorneys' fees; and

12.     All such other further relief as the Court deems just.


### DESIGNATION OF TRIAL COUNSEL

The undersigned, Louis D. Fletcher, Esq. and Roger C. Mattson, Esq. are designated

as trial counsel.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all

issues of  fact and/or law.

### CERTIFICATION

I  hereby certify that, to the best of my knowledge and belief, the matter in

controversy is not the subject of any other action pending in any court or of a pending

arbitration proceeding**.**


                                 **_/s/ Lewis G. Adler, Esquire_____**
**Dated: _12/31/09___**              **LEWIS G. ADLER, ESQ.**
                                 **26 Newton Avenue**
                                 **Woodbury, NJ 08096**
                                 **(856) 845-1968**
                                 **Attorney for Plaintiff**

# Complaint Exhibit A

AIG
ONE AIG CENTER 2ND FLOOR
WILMINGTON DE 19803



**TELEWIRE**
**ELECTRONIC MESSAGE**

Content of This Message Created by Client, Not by Telewire
Printed & Mailed at Direction of Client by Telewire

September 11, 2007                    012901

TEMP - RETURN SERVICE REQUESTED

IIIᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐᵐ

VICTOR BOYKO
PO BOX 307
SWEDESBORO NJ 08085-0307


**Urgent- Immediate response required**

RE: Policy Number 1182089

Dear Customer:

We want to let you know that there is an outstanding balance of $262.00 due on
your canceled auto insurance policy.  A premium payment is due for coverage that
was provided prior to the cancellation of the policy.  Please get in touch with us
right away at 1-800-241-1188.  **If we do not hear from you within 10 days from the
date of this letter, we will have to turn your account over to a collection agency.**

If you purchased auto insurance coverage from another insurer prior to the
cancellation of your policy with us, please fax your new policy Declaration page
to (302) 252-3906.  **Please include the AIG policy number noted above.**  You may
also call us at 1-800-241-1188.  If you call, we will ask you for a copy of your
new policy Declaration page to confirm the effective date of your new coverage.
We need this information to update our records.  Otherwise, our records will show
an outstanding balance is still due on your canceled policy.

Again, call us if you have any questions.  Thank you for your attention to this
matter.


AIG Auto Insurance

# Complaint Exhibit B



# CREDIT COLLECTION SERVICES
Two Wells Avenue, Dept. 9134, Newton, MA 02459
Monday – Friday: 8AM – Midnight, ET
Saturday: 8AM – 4PM, Sunday: 2PM – 10PM, ET
Self Service: 24 hours-a-day, 7 days-a-week (Se Habla Español)
**(800) 326-6400**

Date: 10/22/07
File Number: 05 028977086

#BWNBPRZ***08085
#0289770869500215#

1182089

VICTOR BOYKO
PO BOX 307
SWEDESBORO, NJ 08085-0307

CANCEL DATE: 06/26/2007

| REGARDING: | AMOUNT: |
|---|---|
| AIG INSURANCE COMPANIES | $262.00 |

016086 - 0021 - LOT01

## - NOTICE - NOTICE - NOTICE - NOTICE - NOTICE -

The above referenced balance is due for coverage provided under your insurance contract.

This notice and all further steps undertaken by this agency will be in compliance with the Fair Debt Collection Practices Act (Federal Law P.L. 95-109) and applicable state law(s). In accordance with the Act, this is an attempt to collect a debt and any information obtained will be used for that purpose.

You can satisfy this obligation by:

1) Paying by check or credit card over the telephone (24-hour touch-tone service)
2) Paying by check or credit card on-line @ www.ccspayment.com
3) Paying by check or credit card in the envelope provided
4) Making payment arrangements with this office

### FEDERAL LAW

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication has been sent by a debt collector.

**Se Habla Español:** Para su conveniencia, nuestro sitio para pagos en la red, el sistema de respuesta de 24 horas con teléfono de tonos, y el personal bilingüe de Representantes de Servicio están disponibles para asistirlo. Sírvase visitar www.ccspayment.com para pagar con cheque o tarjeta de crédito o llame directamente al (800) 326-6400. Gracias.

**PAYMENT-IN-FULL RECEIPT:** Once full payment has been posted to your account, and clears an eighteen (18) day hold, you may access our payment website: www.ccspayment.com to print a formal payment-in-full acknowledgement.

**MAILING INSTRUCTIONS:** Include your file number below and send correspondence to: CCS P.O. Box 9134, Needham Heights, MA 02494-9134. Payment instructions below. This office may process your payment as a one time electronic funds withdrawal using the account information from your check.

## Enclose Bottom Portion With Your Payment

| File Number - Número de Archivo |
|---|
| 05 028977086 |
| Zip Code - 08085 |

Please write your file number (above) on your check. To expedite credit, **do not** send payment(s) directly to our client.

### CCS offers check-by-phone accommodation

Instantly pay by check or credit card by calling toll-free for self-service instructions or live personal assistance. Visit www.ccspayment.com for the same payment options.

**VISA • MASTERCARD • AMERICAN EXPRESS**

C.C.S.
PAYMENT PROCESSING CENTER - 27
P.O. BOX 55126
BOSTON, MA 02205-5126

| AMOUNT AS OF 10/21/07 |
|---|
| $262.00 |

598880021028977086000262003

# Complaint Exhibit C



# CREDIT COLLECTION SERVICES

Two Wells Avenue, Dept. 9134, Newton, MA 02459
Monday - Friday: 8AM - Midnight, ET
Saturday: 8AM - 4PM, Sunday: 2PM - 10PM, ET
Self Service: 24 hours-a-day, 7 days-a-week (Se Habla Español)
**(800) 326-6400**

\*\*\*\*\*\*\*\*\*AUTO\*\*SCH 3-DIGIT 080

VICTOR BOYKO
PO BOX 307
SWEDESBORO NJ 08085-0307

Date: 11/11/07
File Number: 05 028977086

CANCEL DATE: 06/26/2007

1182089

| REGARDING: | AMOUNT: |
|---|---|
| AIG INSURANCE COMPANIES | $262.00 |

400111110224160I - 0016

## SECOND NOTICE

Under certain circumstances, Federal Law PL 95-109, Subsection 805(a)(1) 15 United States Code § 1692c(a)(1) permits an agency to contact you at your residence or place of employment between the hours of 8:00AM and 9:00PM (if not prohibited by you and/or your employer).

To expedite communication, you are urged to contact this office directly on the toll-free number provided. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent from a debt collector.

You can clear your delinquent credit status with your creditor by remitting full payment in the envelope provided.

**EASY PAY:** You can pay by check, credit card and/or establish a payment plan on-line via our website: www.ccspayment.com. Otherwise, call toll-free to either self-service your file or receive live assistance from a CCS Service Representative.

**MAILING INSTRUCTIONS:** Include your file number below and send correspondence to: CCS, P.O. Box 9134, Needham Heights, MA 02494. Payment instructions below. This office may process your payment as a one time electronic funds withdrawal using the account information from your check.

## Enclose Bottom Portion With Your Payment

**File Number – Número de Archivo**

05 028977086

**Zip Code - 08085**

Please write your file number (above) on your check. To expedite credit, do not send payments(s) directly to our client.

**CCS offers check-by-phone accommodation**

Instantly pay by check or credit card by calling toll-free for self-service instructions or live personal assistance. Visit www.ccspayment.com for the same payment options.

**VISA • MASTERCARD • AMERICAN EXPRESS**

C.C.S.
PAYMENT PROCESSING CENTER - 27
P.O. BOX 55126
BOSTON, MA 02205-5126

| AMOUNT AS OF: 11/11/07 |
|---|
| $262.00 |



598000016028977086000262005

# Complaint Exhibit D

# CREDIT COLLECTION SERVICES



Two Wells Avenue, Dept. 9134, Newton, MA 02459
Monday - Friday: 8AM - Midnight, ET
Saturday: 8AM - 4PM, Sunday: 2PM - 10PM, ET
Self Service: 24 hours-a-day, 7 days-a-week (Se Habla Español)
**(800) 326-6400**

```
*********AUTO**SCH 3-DIGIT 080

VICTOR BOYKO
PO BOX 307
SWEDESBORO NJ 08085-0307
```

Date: 12/02/07
File Number: 05 028977086

CANCEL DATE: 06/26/2007

1182089

| REGARDING: | AMOUNT: |
|---|---|
| AIG INSURANCE COMPANIES | $262.00 |

4001110200342501 - 0049

## TAKE DUE NOTICE

This notice is a communication as defined under Federal Law P.L. 95-109, Subsection 803(2), 15 United States Code 1692a(2).

This office has a documented file of every notice, telephone attempt, and verbal contact made by this office in pursuit of your payment obligation. Unless full payment is posted to your file by 12/12/07, your status will reflect "voluntary collection deemed impossible".

We believe it will be in your best interest to make arrangements with this office to pay this debt immediately. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent from a debt collector.

**EASY PAY:** You can pay by check, credit card and/or establish a payment plan on-line via our website: www.ccspayment.com. Otherwise, call toll-free to either self-service your file or receive live assistance from a CCS Service Representative.

**MAILING INSTRUCTIONS:** Include your file number below and send correspondence to: CCS, P.O. Box 9134, Needham Heights, MA 02494. Payment instructions below. This office may process your payment as a one time electronic funds withdrawal using the account information from your check.

## Enclose Bottom Portion With Your Payment

| File Number – Número de Archivo |
|---|
| 05 028977086 |
| **Zip Code - 08085** |

Please write your file number (above) on your check. To expedite credit, do not send payments(s) directly to our client.

**CCS offers check-by-phone accommodation**

Instantly pay by check or credit card by calling toll-free for self-service instructions or live personal assistance. Visit www.ccspayment.com for the same payment options.

**VISA • MASTERCARD • AMERICAN EXPRESS**

```
C.C.S.
PAYMENT PROCESSING CENTER - 27
P.O. BOX 55126
BOSTON, MA 02205-5126
```



| AMOUNT AS OF: 12/02/07 |
|---|
| $262.00 |

598000049028977086000262006

# Complaint Exhibit E

**Lewis G. Adler, Esq.**
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968 voice
(856) 848-9504 fax

Credit Collection Services
Payment Processing Center - 27
PO Box 55126
Boston, MA 02205-5126

Re: AIG Insurance Companies                    $262.00
    Victor Boyko
    File # 05 028977086

Dear Sir/Madam:

     Please be advised that I represent, Victor Boyko in
this matter.

     Payment has been enclosed in the amount of $262.00 on
check number 2101 dated 1/21/08. This payment is being made
under protest in order to mitigate his damages and without
waiving any and all claims he may have concerning this
charge.

Sincerely,

Lewis G. Adler, Esq.

Cc: Victor Boyko

CERTIFIED MAIL 7006 0100 0004 8236 9796

---

**VICTOR BOYKO**                                         2101
**MARY M. BOYKO**
P.O. BOX 307
SWEDESBORO, NJ 08085

                                    DATE 1/21/08            55-763/312

PAY TO THE
ORDER OF  *Credit Collection Services*          | $262.00

*Two Hundred-sixty-two & 0/100*                    DOLLARS

**The Bank**
New Jersey's
Best Community Bank                          *Victor Boyko*

FOR *File # 05028977086*

# Complaint Exhibit F

A16

# State of New Jersey
# Department of Treasury
# Collection Agency Bond Status

Principal Name:                  Credit Control Services Inc
Principal Address:               2 Wells Ave
                                 Newton MA 02159

Registration Number:             4416
Status:                          Inactive
Initial Date:                    08/30/2003
Expiration Date                  08/03/2004

Produced by the Notary Public Unit
New Jersey Division of Revenue
9 July 2008

# Exhibit G

| Insured | Auto Policy Number | Policy Term |
|---|---|---|
| VICTOR BOYKO | 118 20 89 | 12/01/06 - 06/01/07 |

**AUTOMATED BILLING INQUIRIES:**
Call 1-888-437-3870

**POLICY SERVICE:**
Call 1-800-241-1188

**CLAIMS:** Call any time to report
an accident or loss 1-800-433-8880

American International Insurance Company of NJ

NEW JERSEY DRIVERS

Minimum Amount Due
By      12/01/06            $ 1,155.50

| Date | Description | Amount |
|---|---|---|
| 12/01/06 | Renewal Policy Premium | $   2,275.00 |
| | New Jersey Guaranty Assn Surcharge | 36.00 |
| | Current Account Balance | $   2,311.00 |

This bill is for your renewal policy, you may choose one of two convenient
payment plans: 1. you may pay the total premium due; or 2. pay the first
installment shown above (your bill for the balance will include a small
installment fee). Please send your check for the minimum amount due. Make
sure the Payment Center Address shows through the enclosed window payment
envelope. You may also call our automated Payment Center @ 1-888-437-3870 or
visit www.aigautoservice.com for no-wait, self-service billing options 24/7.

↓ DETACH AND RETURN  ↓  ADDRESS ON BACK  ↓  DETACH AND RETURN  ↓  ADDRESS ON BACK  ↓  DETACH AND RETURN  ↓

**Make check payable to: AIG**
Please write your policy number on your check.

Auto Policy Number:   118 20 89
DBI1 (8/03) 101806      101706

Payment must be received by     12/01/06
Please allow 5 - 7 business days for mailing time.

| CURRENT BALANCE | AMOUNT DUE |
|---|---|
| $ 2,311.00 | $ 1,155.50 |

☐ Check this box for change of address
OR to update or provide your email
address. See reverse side for details.

VICTOR BOYKO
PO BOX 307
SWEDESBORO, NJ 08085-0307

AIG00133

11115306290000391009351182089000601060122106001155500023110000

Exhibit H

| Insured | Auto Policy Number | Policy Term |
|---|---|---|
| VICTOR BOYKO | 118 20 89 | 06/01/07 - 12/01/07 |

**AUTOMATED PAYMENT CENTER:**
Call 1-888-437-3870

**POLICY SERVICE:**
Call 1-800-241-1188

**CLAIMS:** Call any time to report
an accident or loss 1-800-433-8880

**American International Insurance Company of NJ**

**NEW JERSEY DRIVERS**

**Minimum Amount Due
By  IMMEDIATELY**          $   262.00

| Date | Description | Amount |
|---|---|---|
| | Please Pay This Amount....... | $   262.00 |
| | Current Account Balance | $   262.00 |

There is a balance due on your auto insurance policy for coverage that was
provided prior to your cancellation date. To make your
payment, please use the enclosed envelope. It is important
that we receive your payment as soon as possible to avoid
further action. If you have changed to a different auto
insurance coverage provider, please contact us at 1-800-241-1188
to speak with a Customer Care Specialist to finalize this matter.

↓ DETACH AND RETURN ↓   ADDRESS ON BACK  ↓  DETACH AND RETURN ↓   ADDRESS ON BACK   ↓   DETACH AND RETURN  ↓

**Make check payable to: AIG**
Please write your policy number on your check.

Auto Policy Number:   118 20 89
DBSI (5/03) 062907      062807

**Payment must be received by IMMEDIATELY**
Please allow 5 - 7 business days for mailing time.

| CURRENT BALANCE | AMOUNT DUE |
|---|---|
| $  262.00 | $  262.00 |

☐ Check this box for change of address
OR to update or provide your email
address. See reverse side for details.

VICTOR BOYKO
PO BOX 307
SWEDESBORO, NJ 08085-0307

AIG00140

11115207179000391009351162089006010700812070000000000262000