<u>**NOT FOR PUBLICATION**</u>          (Doc. Nos. 73, 74, 75, 77, 79, 90, 95, 98, 108, 112, 113)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VICTOR BOYKO, individually and on behalf of all others similarly situated, | : <br> : <br> : <br> : |
| Plaintiff, | Civil No. 08-2214 (RBK/JS) |
| v. | **ORDER** |
| AMERICAN INTERNATIONAL GROUP, INC., AMERICAN INTERNATIONAL INSURANCE COMPANY OF NEW JERSEY, INC., AIG MARKETING, INC. d/b/a 21st CENTURY INSURANCE, and CREDIT CONTROL SERVICES d/b/a, CREDIT COLLECTION SERVICES and C.C.S., | |
| Defendants. | |

**THIS MATTER** having come before the Court upon the Motion for Class Certification by Plaintiff Victor Boyko on his own behalf and on behalf of all others similarly situated (Doc. No. 73); and the cross-motions for summary judgment by Plaintiff and Defendants American International Group, Inc. ("AIG"), American International Insurance Company of New Jersey, Inc. ("AIICNJ"), AIG Marketing, Inc. d/b/a 21st Century Insurance ("AIG Marketing"), and Credit Control Services d/b/a, Credit Collection Services and C.C.S. ("CCS") (collectively, "Defendants") (Doc. Nos. 74, 75, 77, 79, 90, 95, 98); and the cross-motions for leave to file supplements to the record by Plaintiff and Defendants (Doc. Nos. 108, 112, 113); and the Court having considered the supporting papers and the responses thereto;

**IT IS ORDERED** that, for the reasons expressed in the Opinion issued this date, Plaintiff's and Defendants' cross-motions for leave to file supplements to the record by Plaintiff and Defendants (Doc. Nos. 108, 112, 113) are DENIED; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification (Doc. No. 73) is GRANTED only as to the following classes:

1. A New Jersey class as to Defendant AIICNJ ("the AIICNJ class"), on the claims for breach of contract and Truth-in-Consumer-Contract-Warranty and Notice Act, as follows:

   All natural persons who, like Plaintiff, were insured by AIICNJ whose business was administered by AIGM during the period from six years prior to the filing of the complaint on May 8, 2008 to the date of class certification, whose policy contained an automatic termination provision substantially similar to the provision of Plaintiff's policy, whose policies expired and were not renewed, and who thereafter received and paid a bill for premium for the new term following the expiration of their policy due to a Cancel & Reinstate transaction.

2. A national class as to CCS ("the CCS class"), for all persons who received a bill and made a payment as to the Fair Debt Collection Practices Act ("FDCPA"), as follows:

   All natural persons in the United States, excepting the District of Columbia, Hawaii, Massachusetts, Ohio and Rhode Island, who, like Plaintiff, were insured by a company whose business was administered by AIGM and la[t]er serviced by CCS for collections during the period from one year prior to the filing of the complaint on May 8, 2008 to the date of class certification, whose policy contained an automatic termination provision substantially similar to the provision of Plaintiff's policy, whose policies expired and were not renewed, and who thereafter received and paid a bill for premium for the new term following the expiration of their policy due to a Cancel & Reinstate transaction.

3. For the purposes of the above two classes, a "Cancel & Reinstate" transaction for the purpose of Plaintiff's class action lawsuit is defined as follows:

   Cancel & Reinstate – This category consists of those policies where the billing was issued due to a manual cancellation and reinstatement of a policy by a customer service advocate, which actions led to the bypass of the automatic termination mechanism in Defendants' billing system.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Breach of Contract claim (Doc. Nos. 74 and 95) is GRANTED, and AIICNJ's cross-motion for summary judgment on the Breach of Contract claim (Doc. No. 79) is DENIED; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Negligence claim (Doc. Nos. 74, 90, 95, and 98) is DENIED in all respects, that AIICNJ and AIG's motions for summary judgment on the Negligence claim (Doc. Nos. 77 and 79) are GRANTED, and that AIGM's motion for summary judgment on the Negligence claim (Doc. No. 79) is DENIED; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Good Faith and Fair Dealing claim (Doc. Nos. 74, 90, and 95) is DENIED in all respects, and that AIICNJ's motion for summary judgment on the Good Faith and Fair Dealing claim (Doc. No. 79) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Consumer Fraud Act ("CFA") claim (Doc. Nos. 74, 90, 95 and 98) is DENIED in all respects, that AIG's motion for summary judgment on the CFA claim (Doc. No. 77) is GRANTED, that AIGM and AIICNJ's joint motion for summary judgment on the CFA claim (Doc. No. 79) is DENIED, and that CCS's motion for summary judgment on the CFA claim (Doc. No. 75) is DENIED; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA") claim (Doc. Nos. 74, 90, and 95) is GRANTED with respect to AIGM and AIICNJ, and DENIED as to AIG, and that AIG's cross-motion for summary judgment on the TCCWNA claim (Doc. No. 77) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment on the Fair Debt Collection Practices Act ("FDCPA") claim (Doc. Nos. 74 and 98) is GRANTED as to CCS's liability for violating 15 U.S.C. § 1692e(14) (failure to use "true name" during debt collection), and DENIED as to CCS's liability for violating 15 U.S.C. § 1692k(c) (attempting to collect debt not "expressly authorized by the agreement creating the debt"), and that CCS's motion for summary judgment on the FDCPA claim (Doc. No. 75) is DENIED in all respects; and

**IT IS FURTHER ORDERED** that AIG shall be dismissed as a party to this case.

Date:  4/26/12                                              /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge