**NOT FOR PUBLICATION** (Doc. No. 117)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VICTOR BOYKO, individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : AMERICAN INTERNATIONAL GROUP, INC., AMERICAN INTERNATIONAL INSURANCE COMPANY OF NEW JERSEY, INC., AIG MARKETING, INC. d/b/a 21st CENTURY INSURANCE, and CREDIT CONTROL SERVICES d/b/a, CREDIT COLLECTION SERVICES and C.C.S., : : : : : : : : : : : : : Defendants. : | Civil No. 08-2214 (RBK/JS)  **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendant Credit Control Services d/b/a, Credit Collection Services and C.C.S. ("CCS") for reconsideration of the portion of the Court's Order dated April 26, 2012, which granted summary judgment to Plaintiff Victor Boyko ("Plaintiff") and denied summary judgment to CCS on the issue of CCS's liability under section 1692e(14) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The instant motion for reconsideration concerns CCS's alleged failure to use CCS's "true name" pursuant to section 1692e(14) of the FDCPA when attempting to collect debts.

1

**I.      STANDARD[1]**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly."  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345.  The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

---

[1] The Court has previously discussed the facts in this case in the Opinion dated December 23, 2009 (Doc. Nos. 40, 42), and the Opinion dated April 26, 2012 (Doc. Nos. 114, 116).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue.  See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original decision.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989).  Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**II. DISCUSSION**[2]

CCS bases the instant motion for reconsideration on the fact that the Court's prior Opinion did not include a discussion of the declaration of Jeffrey D. Stoddard, Compliance Manager of CCS. Central to the issue of CCS's liability under section 1692e(14) of the FDCPA is the question of whether CCS has properly registered its trade name, "Credit Collection Services." See December 23, 2009 Opinion at 12-15. CCS argues that it is entitled to summary judgment in its favor on Plaintiff's section 1692e(14) claim because CCS has properly registered its trade name. CCS reply br. at 2-3. Plaintiff counters that CCS has not properly registered its trade name under the laws of the relevant jurisdictions.

The question of where a corporation must register or license its alternate names in order to comply with the statute is a question of first impression before this Court. The Court notes at the outset that the statutory text of section 1692e(14) of the FDCPA does not answer this question. See id. Moreover, the Federal Trade Commission commentary on the FDCPA does not provide guidance as to this specific question. See id.

As the Court noted in its April 26, 2012 Opinion, the "inability to determine the true identity [of a debt collector] could indeed have harmful effects on a debtor, especially a less sophisticated debtor." April 26, 2012 Opinion at 41 (citing Mahan v. Retrieval-Masters Credit Bureau, Inc., 777 F. Supp. 2d 1293, 1299 n.7, 1300 n.8 (S.D. Ala. 2011)). In reviewing decisions from other federal courts, the Court finds that whether a debt collection company has properly registered alternate trade names within the place of the collection company's incorporation, the place of the collection company's principal place of business, or the place of a plaintiff's injury, are particularly important in determining whether a collection company has

---

[2] The discussion relating to the standard of violating 15 U.S.C. § 1692e(14) is set forth in the Court's prior Opinion dated April 26, 2012.

complied with section 1692e(14) of the FDCPA.  In <u>Mahan</u>, a federal district court dismissed a plaintiff's FDCPA claim under section 1692e(14) on the basis that the defendant collection company had sufficiently demonstrated that it was properly registered to conduct business under its trade name.  <u>Mahan</u>, 777 F. Supp. 2d at 1301.  However, in <u>Mahan</u>, the defendant collection company was a New York corporation and was properly registered in New York to conduct business under its alternate trade name.  <u>See</u> <u>Mahan</u>, 777 F.Supp.2d at 1298.  Thus, the defendant collection company in Mahan avoided liability under 15 U.S.C. § 1692e(14) by being properly registered in its place of incorporation.

 Furthermore, several federal courts have found that proper registration in the state in which the injury occurred is sufficient to avoid liability under 15 U.S.C. § 1692e(14).  In <u>Moore v. National Account Systems, Inc.</u>, a federal district court in Connecticut granted summary judgment in favor of the plaintiff under section 1692e(14) where the injury occurred in Connecticut and the defendant collection company had not licensed its alternate name in Connecticut.  <u>Moore</u>, 1991 WL 313896 (D. Conn. Nov. 13, 1991).  Likewise, in <u>Kizer v. American Credit & Collection</u>, summary judgment was denied to both parties when the injury occurred in Connecticut but there was a disputed question of material fact as to whether the defendant collection company had properly licensed its trade name in Connecticut.  <u>Kizer</u>, 1990 WL 317475 (D. Conn. Dec. 17, 1990).  Finally, in <u>Johnson v. Statewide Collections, Inc.</u>, a finding in favor of the plaintiff for his section 1692e(14) claim was reversed where the alleged injury occurred in Wyoming and the defendant collection company had properly registered its alternate trade name in Wyoming.  <u>Johnson</u>, 778 P.2d 93, 96 (Wyo. 1989).

 In light of the above discussion, the Court holds that a debt collection company may excuse itself from liability under section 1692e(14) where it properly registers its incorporated

name and any alternate trade names in any of 1) the debt collection company's place of incorporation, 2) the debt collection company's principal place of business, or 3) the state in which the plaintiff was injured.  Here, CCS "is a Delaware Corporation with company headquarters located 2 Wells Avenue, Newton, Massachusetts, 02159."  Second Am. Compl. ¶ 5.  CCS provides evidence that it is licensed to conduct business in Delaware, where CCS is incorporated.  CCS Ex. D.  However, CCS's exhibit does not demonstrate that CCS was registered or licensed under the name "Credit Collection Services" in Delaware.  Furthermore, CCS produces no evidence that CCS was registered or licensed under the name "Credit Collection Services" in New Jersey, where Plaintiff's injury occurred.  See CCS Ex. D.  Thus, we now turn to the question of whether CCS was properly registered or licensed as "Credit Collection Services" in Massachusetts, where CCS has its headquarters.  CCS produces evidence that CCS contends demonstrates that CCS is properly licensed and registered in Massachusetts.  Stoddard Decl. ¶¶ 2-4; CCS reply br. at 1-2 (citing Mass. Gen. L. Ann. 156D § 15.06).

      Plaintiff counters that while CCS has produced evidence that it has registered under the name "Credit Collection Services" in the City of Newton in Massachusetts, CCS's registration is invalid because CCS failed to comply with the Massachusetts statutory requirement that businesses operating in Massachusetts apply to the secretary of state in Massachusetts for authorization to use an alternate name.  Pl. br. at 3-4 (citing Mass. Gen. L. Ann. 156D § 4.01).  CCS counters that its registration of the name "Credit Collection Services" is valid because CCS was not required to apply to the secretary of state in Massachusetts for such authorization.

      Since the question of whether CCS complied with the Massachusetts statutory requirements in registering the name "Credit Collection Services" is central to the instant motion, the Court looks first to the statutory text.  The Massachusetts statute provides in relevant part:

> [A] corporate name may not be the same as, or so similar that it is likely to be mistaken for:
>
> (1) the corporate name or trade name of a corporation organized, authorized to transact business or otherwise lawfully conducting business in the commonwealth;
>
> . . . [or]
>
> (3) the fictitious name adopted by a foreign corporation or entity authorized to transact business or otherwise lawfully conducting business in the commonwealth because its real or trade name is unavailable;

Mass. Gen. Laws Ann. ch. 156D, § 4.01(b) (West). The statute further provides that "[a] person may apply to the secretary of state for authorization to use a corporate name that does not comply with the [above] requirements." Id. § 4.01(c). Plaintiff and CCS agree that CCS has not applied to the secretary of state for such authorization.

The central question, therefore, is whether the name "Credit Collection Services" is sufficiently similar to "Credit Control Services" such that CCS was required to apply to the secretary of state for authorization to use the name "Credit Collection Services." In determining the answer to this question, the Court finds the legislative comments regarding section 4.01(b) instructive:

> Section 4.01(b) differs substantially from the analogous provision in the RMBCA. The standard adopted for § 4.01(b), that "the corporate name may not be the same as, or so similar as to be likely to be mistaken for" certain classes of names, comes from nearly identical wording in BCL § 11. The standard stated in the RMBCA, in contrast, is simply whether the corporate name is "distinguishable upon the records of the secretary of state from" certain classes of names. The RMBCA standard would permit minor differences to distinguish corporate names, contrary to what the draftsmen believe to be the reasonable expectations of the public. Section 4.01(b)'s terminology, "may not be the same as," should be understood to mean that the name cannot be the substantive equivalent of another existing entity. The remainder of § 4.01(b)'s test enlarges the scope of entities the names of which are to be considered and hence narrows the range of available names.

Mass. Gen. Laws Ann. ch. 156D, § 4.01 (West).

The Court finds further guidance on the question of CCS's compliance with section 4.01(b) of the Massachusetts General Laws from the Massachusetts Supreme Court in National Shoe Corporation v. National Shoe Manufacturing Corporation, 19 N.E.2d 734 (Mass. 1939). There, the Court held that based on the relevant Massachusetts statute in effect,[3] that the question of whether "the similarity of the names such as to mislead a person of average intelligence" is "a question of fact." Id. at 735, cited with approval in S.S. Kresge Co. v. United Factory Outlet, Inc., 1980 WL 30273 (D. Mass. May 6, 1980), aff'd, 634 F.2d 1 (1st Cir. 1980). Since this question of fact is material to Plaintiff's claim under section 1692e(14), and this question of fact is disputed, the Court finds that under FRCP 56, summary judgment as to this claim must be denied to both Plaintiff and CCS.

Plaintiff next argues that CCS has failed to demonstrate that it has complied with the registration requirements of each state in which CCS does business. Pl. br. at 4. CCS counters with evidence of licensure to conduct business under the name "Credit Collection Services" in three states besides Massachusetts. Stoddard Decl. Exs. A-G (providing documents certified by Stoddard as true and correct copies of licensure in Florida, Maryland, and Washington state). However, the Court finds that CCS has failed to demonstrate that it is entitled to summary judgment as a matter of law in this situation.[4] CCS cites to Mahan, discussed above, wherein a New York corporation avoided liability under section 1692e(14) by demonstrating proper

---

[3] The National Shoe Court described the statute as follows: "The right given by this statute differs essentially from the right to be free from unfair competition or unlawful interference with trade marks or trade names, and primarily is based upon the public right not to be misled by identical or similar corporate names." Nat'l Shoe Corp. 19 N.E.2d at 735 (emphasis supplied). The Court notes that the Massachusetts statute discussed by the National Shoe Court shares the same legislative goal as section 4.01 of the Massachusetts General Law currently in effect.

[4] The Court notes that CCS requested the Court to assume for the purposes of its motion for summary judgment that "'CCS' and 'Credit Collection Services' were not the licensed names of Credit Control Services, Inc. when Plaintiff's claims arose . . . ." CCS Mot. for Summ. Judg. Br. at 21. To make this assumption, the Court would necessarily have to deny CCS's motion for summary judgment, since proper licensure and registration of a name other than a debt collector's incorporated name is required to comply with section 1692e(14).

registration in New York. CCS has not demonstrated that licensure in states other than New Jersey, where Plaintiff is domiciled, or Massachusetts and Delaware, where CCS has its citizenship, is sufficient to establish compliance with section 1692e(14) of the FDCPA as a matter of law for the purposes of summary judgment. To the contrary, the Court finds that a debt collection company may not escape liability under section 1692e(14) of the FDCPA as a matter of law merely by registering its alternate name under any given jurisdiction within the United States. Instead, as discussed above, the place where a debt collector registers its alternate trade name or names must have a substantial relationship to the parties' places of citizenship or place of injury. Therefore, CCS's motion for summary judgment must be denied.

A fact that further weighs in favor of denying CCS's motion for summary judgment is that CCS was not properly bonded in New Jersey at the time of Plaintiff's injury. CCS states that it initially posted, through its bonding company Travelers Insurance, the required bond with the State of New Jersey on August 30, 2003. Stoddard Decl. ¶ 9. CCS notes, however, that it later learned that New Jersey actually requires that debt collection companies renew its bond posting each year. Id. ¶ 10. It was not until after Plaintiff's litigation began that CCS posted a renewed bond with the State of New Jersey. Id. ¶ 11. CCS argues that it never intentionally conducted business in New Jersey without a bond. Id. ¶ 11.

The Court finds that CCS has failed to establish that it is entitled to summary judgment as to Plaintiff's section 1692e(14) claim. As the Court previously found, intent to violate the statute is not an element of a section 1692e(14) claim. See April 26, 2012 Opinion at 41-42. The fact that CCS was not properly bonded in New Jersey at the time that it attempted to collect an invalid debt from Plaintiff is central to Plaintiff's theory of liability under section 1692e(14). The question of whether a debt collector's failure to abide by the bonding regulations of the State

of New Jersey was knowing or intentional does not change the fact that consumers could be harmed by debt collectors' improper practices in a manner that the New Jersey regulations were precisely designed to prevent.  As the Court explained in the December 23, 2009 Opinion, actual harm is not an element of a violation of section 1692e(14).  As discussed therein,

> Subsection 14 does not include any language to the effect of "that deceives the party."  Thus, subsection 14 must be read to be a per se deceptive act. In other words, if a party can prove, for example, that he received a letter using a name other than the debt collector's true name, he has proven a deceptive practice.

December 23, 2009 Opinion at 12-15.  Had Plaintiff paid an invalid debt to CCS without bringing the instant lawsuit, Plaintiff may not have been able to recover his payment as a result of CCS's failure to post the required bond in New Jersey.  Accordingly, the Court finds that CCS's lack of proper bonding at the time of Plaintiff's injury further weighs in favor of denying summary judgment to CCS.

## IV.    CONCLUSION

For the foregoing reasons, CCS's motion for reconsideration is granted in part and denied in part.  Accordingly, the Court vacates the portion of the Order dated April 26, 2012 granting summary judgment in favor of Plaintiff.  The Court further denies both Plaintiff's and CCS's cross-motions for summary judgment on the issue of CCS's liability under section 1692e(14) of the FDCPA.  An appropriate order shall issue today.


Date:  6/12/12                                               /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge