# United States District Court
## District of New Jersey

LAW OFFICES OF LEWIS G. ADLER
26 Newton Avenue
Woodbury, New Jersey 08096
(856) 845-1968
<u>Attorney for Victor Boyko</u>

| | |
|---|---|
| *Plaintiffs* | : |
| | : |
| Victor Boyko, individually and on behalf of all others similarly situated. | : |
| *vs.* | : Case #: |
| | : 1:08-cv-2214 (RBK)(JS) |
| *Defendant* | : |
| | : |
| American International Group, Inc | : |
| American International Insurance Company of New Jersey, Inc. and | : |
| AIG Marketing, Inc. dba 21st Century Insurance and | : |
| Credit Control Systems, Inc dba Credit Collection Services and C.C. S. | : |
| _____ | : |

### ORDER PRELIMINARILY APPROVING SETTLEMENT

**THIS MATTER** having come before the Court on the Plaintiff's Motion for Preliminary Approval of the Settlement Agreement; and the parties having filed the Settlement Agreement dated <u>October 12, 2012,</u> as Exhibit A to the Declaration of Lewis G. Adler submitted with Plaintiff's Motion for Preliminary Approval of the Settlement Agreement in satisfaction of Rule 23(e)(2) of the Federal Rules of Civil Procedure; and the Court having reviewed and considered the terms and conditions of the proposed settlement as set forth in the Settlement Agreement; and the Court finding it has subject matter jurisdiction over this matter; and for good cause appearing that the terms and conditions set forth in the Settlement Agreement were the result of good faith,

arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendants:

   **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved pending the Final Approval Hearing as provided below. The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies the Settlement Class with Victor Boyko as Class Representative and Lewis G. Adler, Esq., Louis D. Fletcher, Esq., and Roger C. Mattson, Esq. as Class Counsel.

4. The Court approves the Notices of Proposed Class Settlement attached hereto as Exhibits A, B and C. The Court also approves the Notice Program as set forth in Sections III and IV of the Settlement Agreement. The Court recognizes that Plaintiff reserves all of his rights, including the right to continue with the litigation pending at the time of the settlement, should the Settlement Agreement not be consummated.

5. Beginning no later than twenty-one (21) days from the date of this Order, Defendants shall cause to be disseminated the Notice of Proposed Class Action Settlement substantially in the forms attached hereto as Exhibits A, B and C, respectively, in the manner set forth in Sections III and IV of the Settlement Agreement. Dissemination of Notices will be completed expeditiously pursuant to the terms of the Settlement Agreement.

6. The notice to be provided as set forth in the Settlement Agreement as filed with the

Court is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of New Jersey and all other applicable laws. The Notice is accurate, objective, informative and provides Class members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

7. Defendants are authorized to retain Rust Consulting, Inc. as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order, and Rust Consulting, Inc. is appointed the Claims Administrator solely for the purposes of effecting provision of the Notice to Class Members pursuant to the Settlement Agreement and this Order.

**Requests For Exclusion From The Settlement**

8. Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must serve a written Request for Exclusion on the Claims Administrator as provided in the Settlement Agreement no later than thirty days (30) before the Final Approval Hearing. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely file it with the Court.

9. Upon final approval, all members of the Settlement Class who do not, in accordance with the terms of the Notice, file valid and timely requests for exclusion from the Settlement Class are bound by the judgment dismissing the Action on the merits and with prejudice.

**Fairness Hearing**

10. A hearing on final settlement approval (the "Final Approval Hearing" or "Fairness Hearing") is hereby scheduled to be held before this Court on <u>August 28, 2013 at 9:30AM</u> to consider the fairness, the reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this class action with respect to the Released Parties that are Defendants herein, and the entry of final judgment in this class action. Class Counsel's application for award of attorney's fees and costs shall be heard at the time of the Fairness Hearing.

11. The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing may, from time to time and without further notice to the Settlement Class (except those Settlement Class Members who file timely and valid objections), be continued or adjourned by order of the Court.

12. Any Settlement Class Member who does not elect to be excluded from the Settlement Class may, but need not, file objections as to why the Settlement Agreement should not be approved as fair, reasonable, and adequate and why judgment should not be entered thereon. Any objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before thirty (30) days before the Final Approval Hearing, such objector files with the Court an objection containing the following information: (i) the objector's name, address, and telephone number; (ii) if known, the policy number of any policies the objector has or had with the Companies that are part of the proposed Settlement; and (iii) the specific reasons for the objection, including any legal support. Any Settlement Class Member who fails to comply with these requirements shall be forever barred from objecting to this Settlement.

13. Any attorneys hired or retained by Settlement Class Members at Settlement Class

Members' expense for the purpose of objecting to the Settlement are required to serve a notice of appearance on Class Counsel and Defense Counsel and file such notice with the Clerk of the Court, not later than twenty-one (21) days prior to the Fairness Hearing.

14. Any Settlement Class Member who serves and files a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, in order to object to the fairness, reasonableness or adequacy of the Proposed Settlement, is required to serve a notice of intention to appear on Class Counsel and Defense Counsel and file such notice with the Court, not later than twenty-one (21) days prior to the Fairness Hearing.

15. Defense Counsel and Class Counsel are directed to furnish promptly to each other and any counsel who filed a notice of appearance copies of any and all objections or written requests for exclusion that might come into their possession.

16. No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of the Settlement Agreement. Any Settlement Class Member who does not submit a timely, written objection or who does not comply with the procedures set forth in the Settlement Agreement will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, order and judgments in this action, which will be preclusive in all pending or future lawsuits or other proceedings.

17. Any objector obtaining access to materials and/or information designated and/or deemed confidential must obtain leave of court and must agree to be bound by a confidentiality agreement and by all protective orders entered in this action.

18. Defense Counsel and Class Counsel are authorized to use and disclose such

information as is contemplated and necessary to effectuate the terms and conditions of the Settlement Agreement and to protect the confidentiality of the names and addresses of persons insured by Defendants and other confidential information pursuant to the terms of this Settlement Agreement.

19. Defendants are directed to provide, if they have not already done so, an appropriate notice of the Settlement to the authorities that are required to be notified of prospective class action settlements under the Class Action Fairness Act of 2005, *i.e.,* 28 U.S.C. § 1715(b) and to provide the Court with an affidavit of compliance with such notice requirements not later than seven (7) days prior to the Fairness Hearing.

20. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

21. Pending the Final Approval Hearing and entry of a final Order and Judgment, neither Plaintiff nor any Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against the Released Parties asserting any of the Released Claims and all proceedings in this Action are stayed, other than such proceedings as are related to the Settlement.

SO ORDERED this <u>12th</u> day of <u>April</u>, 2013.

                                            /s/ Robert B. Kugler
                                            Robert B. Kugler, U.S.D.J