# United States District Court
## District of New Jersey

LAW OFFICES OF LEWIS G. ADLER  
26 Newton Avenue  
Woodbury, New Jersey 08096  
(856) 845-1968  
<u>Attorney for Victor Boyko</u>  
*Plaintiffs*    :

  :

 Victor Boyko, individually and on behalf   :
Of all others similarly situated.   :
*vs.*   :        Case #: 1:08-cv-2214 (RBK)(JS)
  :

*Defendant*   :
  :

American International Group, Inc   :
American International Insurance   :        **Final Order**
Company of New Jersey, Inc. and   :
AIG Marketing, Inc. dba 21st Century   :
Insurance and   :
Credit Control Systems, Inc dba   :
Credit Collection Services and C.C. S.   :
_____   :

THIS MATTER having been brought to the Court in connection with Plaintiffs' Motion For Final Approval Of Class Action Settlement And Class Counsel's Request For Attorneys' Fees And Reimbursement Of Costs (the "Motion"), and the Court having considered the papers and arguments submitted in connection with the Motion, and the parties to this action having consented to the form and entry of this Order, and for good cause shown,

    IT IS on this 28th day of August, 2013, ORDERED as follows:

    1.    The Motion is granted. In granting the Motion for Final Approval and entering this Order, the Court adopts its Findings of Facts and Law which are set forth separately ~~and dated~~ on the record on August 28, 2013.

2. Defined terms in this Order shall have the meaning given to them in the Settlement Agreement.

3. The Court finds that notice of the proposed settlement and the Fairness Hearing has been given as agreed and as required by the Class Action Settlement Agreement dated October 12, 2102 (the "Agreement") and this Court's Order dated April 23, 2013 approving the certification of a Class for settlement purposes only; appointing Class Counsel, giving preliminary approval of Class Action Settlement; approving the form, content and manner of issuing notice of the proposed settlement; setting a bar date for exclusions from the Plaintiff Class and objections to the Proposed Settlement; and scheduling fairness hearing.

4. The individuals, if any, set forth on Exhibit "A" have filed timely and valid requests for exclusion and are hereby excluded from the Plaintiff Class.

5. As set forth more fully in the Court's Findings of Facts and Law, the Court has considered the objections, if any, to the proposed settlement and finds those objections to be without merit and they are accordingly denied, dismissed and overruled.

6. The Court hereby finally approves the proposed settlement of this action and the Agreement pursuant to the Rule 23 of the Federal Rules of Civil Procedure, finding same to be fair, reasonable and adequate and in the best interests of the Plaintiff Class.

7. Except for such liability as is created by the Agreement, Plaintiffs, individually and on behalf of each and every member of the Plaintiff Class, shall be deemed to have fully and expressly waived, released and discharged American International Group, Inc;
American International Insurance Company of New Jersey, Inc.; AIG Marketing, Inc. dba 21st Century Insurance and Credit; and Control Systems, Inc dba Credit Collection Services and C.C.S. and each of its parents, subsidiaries, affiliates, predecessors, successors and assigns and

their officers, directors, attorneys and insurers from any and all liability, claims, causes of action, costs, damages, civil penalties, set offs, judgments and expense (including, but not limited to, all claims, known and unknown, set forth or which could have been set forth in the Action) including, but not limited to any claims relating to or arising from alleged violations of any state or federal statutes, regulations, rules or laws, and/or any causes of action arising out of common law.

8. Neither this Final Order nor the Agreement is an admission or concession by the Defendant(s) of any actual or potential fault, omission, liability or wrongdoing. This Judgment is not a finding of the validity or invalidity of any claims in this Action or of any wrongdoing by the Defendant(s). Neither this Final Order nor the Court's Findings of Facts and Law, the Settlement Agreement or the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document shall be used as an admission of any actual or potential fault or omission by any person or be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other than such proceedings as may be necessary to consummate or enforce the Agreement.

9. The Court hereby approves Class Counsels' request for attorney's fees in the total amount of $250,000, inclusive of reimbursement of costs of $15, 562.42, which shall be paid as set forth in the Agreement.

10. Named plaintiff, Victor Boyko is awarded the sum of $1124 to be paid as set forth in the Agreement.

11. The parties are directed to comply with the terms and provisions of the Agreement as approved by the Court.

12. This action is dismissed *with prejudice*.

13. The Court retains jurisdiction over the interpretation, implementation and enforcement of the Agreement.

BY THE COURT:

_____
Robert B. Kugler, U. S. D. J.

4